### TAFT *v.* KENT CIRCUIT JUDGE.

BENEFIT SOCIETIES—RECEIVERS—CLAIMS—ASSESSMENTS.

> Under 2 Comp. Laws, § 7518, providing that the receiver of a mutual benefit association may continue its business for the purpose of paying all death claims accrued at the time of his appointment, and may make assessments on the members liable therefor, a receiver of such an association, appointed on a petition for its dissolution under 3 Comp. Laws, chap. 300, may be required to levy an assessment for the purpose of paying a death claim accruing after the filing of such petition, but before his appointment.

*Mandamus* by Harvey C. Taft, receiver of the Masonic Life Association, to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order allowing a claim against the association. Submitted October 29, 1901. Writ denied January 28, 1902.

*Rood & Hindman*, for relator.

*Clapperton & Owen*, for respondent.

HOOKER, C. J. The affairs of the Masonic Life Association went into the hands of a receiver under a decree dated December 12, 1896, upon a petition for its voluntary dissolution under chapter 282, 2 How. Stat. (chapter 300, 3 Comp. Laws), filed August 23, 1896. The receiver reported the amount of claims approved at $57,000, besides

$11,000 of contested claims.   In that case we sustained the receiver in his levy of assessments upon members to pay death claims which accrued before the petition for dissolution was filed.   *Calkins* v. *Angell*, 123 Mich. 77 (81 N. W. 977).   In the present case a beneficiary asks that the receiver be compelled to levy an assessment for a death claim which accrued after said petition was filed, but before an adjudication was had upon it, and consequently before a receiver was appointed, and while the association was in charge of and under the control of its own officers.

We are of the opinion that the statute prescribes the rule to be followed by providing that the receiver may, by order of the court, continue the business for the purpose of paying *all death claims which have accrued at the time of his appointment*, as was intimated in *Calkins* v. *Angell*, though that case did not assume to decide the question, it being then unnecessary.   2 Comp. Laws, § 7518; *Calkins* v. *Angell*, 123 Mich. 80 (81 N. W. 977). The statute being clear, decisions of other States should not control.

We concur in the decision of the respondent, and the writ should be denied.

MOORE and GRANT, JJ., concurred.   LONG and MONTGOMERY, JJ., did not sit.